1 **Marshall Meyers (020584)**

2 **WEISBERG & MEYERS, LLC**

3 **5025 North Central Avenue, #602**

4 **Phoenix, AZ 85012**

5 **602-445-9819**

6 **866-565-1327 (facsimile)**

7 **mmeyers@AttorneysForConsumers.com**

8 **Attorney for Plaintiffs**

9

10 **IN THE UNITED STATES DISTRICT COURT**

11 **FOR THE DISTRICT OF ARIZONA**

12

13 **Edward Perkins & Kimberly Perkins,**

14 **Plaintiffs,**

15 **v.**                                              **No.**

16

17 **National Credit Systems, Inc.,**                 **COMPLAINT & TRIAL**

18                                                      **BY JURY DEMAND**

19 **Defendant.**

20

21     NOW COME the Plaintiffs, Edward Perkins & Kimberly Perkins, by and through their

22 attorneys, WEISBERG & MEYERS LLC, and for their complaint against the Defendant,

23 National Credit Systems, Inc., Plaintiffs state as follows:

24                **I.**      **Preliminary Statement**

25     1.    This is an action for actual and statutory damages for violations of the Fair Debt

26 Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and the Fair Credit

27 Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

28

## II.      Jurisdiction & Venue

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.      Parties

4.      Edward Perkins, (hereinafter, "Edward") is an individual who was at all relevant times residing in the City of Franktown, County of Douglas, State of Colorado.

5.      Kimberly Perkins, (hereinafter, "Kimberly") is an individual who was at all relevant times residing in the City of Franktown, County of Douglas, State of Colorado.

6.      The debt that Plaintiffs were allegedly obligated to pay was a debt allegedly owed by Plaintiffs to Village at Tanque Verde Apartments/HSL Asset Management, LLC a/k/a Estancia (hereinafter "Village.")

7.      The debt that Plaintiffs allegedly owed Village was for a residential lease relative to an apartment located in the City of Tucson, County of Pima, State of Arizona.

8.      The aforesaid debt was incurred for the personal use of Plaintiffs and/or for household expenditure.

9.      At all relevant times, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. §1692a(3).

10.      Upon information and belief, National Credit Systems, Inc. (hereinafter, "Defendant") purchased, acquired and/or obtained the debt Plaintiffs allegedly owed Village.

11.      Defendant is a business entity engaged in the collection of debt within the State of Colorado. Defendant is incorporated in the State of Georgia.

12.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13.      Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14.      During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail

and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

15.     At all relevant times, Defendant was a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

16.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17.     At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

18.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## IV.     Allegations

### COUNT I: EDWARD PERKINS v. NATIONAL CREDIT SYSTEMS, INC. FOR VIOLATIONS OF THE FCRA

19.     Defendant has provided derogatory and inaccurate statements and information relating to Edward and Edward's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

20.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

21.     The inaccurate information of which Edward complains is an account and/or trade-line that reflects that Edward owes a debt to National Credit Systems.

22.     Specifically, Edward asserts that he does not owe the aforesaid debt.

23.      Given that Edward does not owe the aforesaid debt, the aforesaid debt should not be reported on Edward's credit report.

24.     Despite the foregoing, Defendant had disseminated information that Edward owes the aforesaid debt.

25.     The inaccurate information negatively reflects upon Edward, Edward's credit repayment history, Edward's financial responsibility as a debtor and Plaintiff's credit worthiness.

26.     The credit reports have been disseminated to various persons and credit grantors, both known and unknown.

27.     On March 8, 2009, Edward sent a correspondence to Defendant disputing that he owed the debt.

28.     Along with the aforesaid correspondence, Edward enclosed in his written dispute documents that either proved to Defendant that its information was inaccurate or provided them with evidence that was supportive of Edward's contentions.

29.     Again on March 19, 2009, Edward sent a correspondence to Defendant disputing that he owed the debt.

30.     On November 8, 2009, Edward disputed the inaccurate information with the Credit Reporting Agency, Trans Union, by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.  Further, Edward enclosed in his written dispute documents that either proved to Defendant that its information was inaccurate or provided it with evidence that was supportive of Edward's contentions.

31.     Upon information and belief, within five (5) days of Edward notifying the aforementioned credit reporting agency, said agency notified Defendant of Edward's dispute and the nature of the dispute.

32.     Defendant then and there owed to Edward a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Edward.

33.     Notwithstanding Edward's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

34.     Despite Edward's efforts, Defendant had nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, had failed to remove the inaccurate information,

had failed to note the disputed status of the inaccurate information and had continued to report the derogatory inaccurate information about Edward.

35.    Edward has been damaged, and continues to be damaged, in the following ways:

    a.    Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    b.    Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Edward to other people both known and unknown; and,

    c.    Decreased credit score which may result in inability to obtain credit on future attempts.

36.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

37.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Edward herein.

38.    Defendant violated sections 1681n and 1681o of the FCRA with respect to Edward by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a.    Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b.    Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c.    Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d.    Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit

reporting agencies concerning the inaccurate information disputed by Plaintiff;

e.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

f.   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

39.   Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Edward that are outlined more fully above, and as a result, Defendant is liable to compensate Edward for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT II: EDWARD PERKINS v. NATIONAL CREDIT SYSTEMS, INC. FOR VIOLATIONS OF THE FDCPA

40.   Edward re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

41.   Defendant by attempting to collect a debt Edward allegedly owed to Village, Defendant falsely represented the character, amount and/or legal status of the debt on which it was attempting to collect given that Edward did not owe a debt to Village.

42.   Defendant, by reporting to a credit reporting agency that Edward owed a debt , falsely represented the character, amount and/or legal status of the debt on which it was attempting to collect given that Edward did not owe a debt to Village.

43.   Given that Edward did not owe a debt to Village, Defendant, by reporting to a credit reporting agency that Edward owed a debt, communicated credit information about Edward which was false.

44.   In its attempts to collect the debt allegedly owed by Edward to Village, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

     a.     Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

     b.     Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8); and,

     c.     Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

45.    As a result of Defendant's violations as aforesaid, Edward has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT III: KIMBERLY PERKINS v. NATIONAL CREDIT SYSTEMS, INC. FOR VIOLATIONS OF THE FCRA

46.    Defendant has provided derogatory and inaccurate statements and information relating to Kimberly and Kimberly's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

47.    Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

48.    The inaccurate information of which Kimberly complains is an account and/or trade-line that reflects that Kimberly owes a debt to National Credit Systems.

49.    Specifically, Kimberly asserts that she does not owe the aforesaid debt.

50.    Given that Kimberly does not owe the aforesaid debt, the aforesaid debt should not be reported on Kimberly's credit report.

51.    Despite the foregoing, Defendant had disseminated information that Kimberly owes the aforesaid debt.

52.    The inaccurate information negatively reflects upon Kimberly, Kimberly's credit repayment history, Kimberly's financial responsibility as a debtor and Plaintiff's credit worthiness.

53.     The credit reports have been disseminated to various persons and credit grantors, both known and unknown.

54.     On March 8, 2009, Edward sent a correspondence to Defendant.

55.     The aforesaid correspondence stated that Edward and Kimberly disputed owing the aforesaid debt.

56.     The aforesaid correspondence sent to Defendant also contained documents that either proved to Defendant that its information was inaccurate or provided Defendant with evidence that was supportive of Kimberly's contentions.

57.     On November 8, 2009, Kimberly disputed the inaccurate information with the Credit Reporting Agency, Trans Union, by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.  Further, Kimberly enclosed in her written dispute documents that either proved to Defendant that its information was inaccurate or provided them with evidence that was supportive of Kimberly's contentions.

58.     Upon information and belief, within five (5) days of Kimberly notifying the aforementioned credit reporting agency, said agency notified Defendant of Kimberly's dispute and the nature of the dispute.

59.     Defendant then and there owed to Kimberly a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Kimberly.

60.     Notwithstanding Kimberly's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

61.     Despite Kimberly's efforts, Defendant had nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, had failed to remove the inaccurate information, had failed to note the disputed status of the inaccurate information and had continued to report the derogatory inaccurate information about Kimberly.

62.     Kimberly has been damaged, and continues to be damaged, in the following ways:

a.      Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

b.      Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Kimberly to other people both known and unknown; and,

c.      Decreased credit score which may result in inability to obtain credit on future attempts.

63.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

64.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Kimberly herein.

65.    Defendant violated sections 1681n and 1681o of the FCRA with respect to Kimberly by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a.      Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.      Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c.      Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d.      Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e.      Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the

Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    f.    Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

66.    Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Kimberly that are outlined more fully above, and as a result, Defendant is liable to compensate Kimberly for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT VI: KIMBERLY PERKINS v. NATIONAL CREDIT SYSTEMS, INC. FOR VIOLATIONS OF THE FDCPA

67.    Kimberly re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

68.    Defendant by attempting to collect a debt Kimberly allegedly owed to Village, Defendant falsely represented the character, amount and/or legal status of the debt on which it was attempting to collect given that Kimberly did not owe a debt to Village.

69.    Defendant, by reporting to a credit reporting agency that Kimberly owed a debt , falsely represented the character, amount and/or legal status of the debt on which it was attempting to collect given that Kimberly did not owe a debt to Village.

70.    Given that Kimberly did not owe a debt to Village, Defendant, by reporting to a credit reporting agency that Kimberly owed a debt, communicated credit information about Kimberly which was false.

71.    In its attempts to collect the debt allegedly owed by Kimberly to Village, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a.    Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    b.    Communicated or threatened to communicate to any person credit information which is known or which should be known to be false,

including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8); and,

c.    Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

72.    As a result of Defendant's violations as aforesaid, Kimberly has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    **Jury Demand**

73.    Plaintiffs hereby demand a trial by jury on all issues so triable.

## VI.    **Prayer for Relief**

WHEREFORE, Plaintiffs, EDWARD PERKINS and KIMBERLY PERKINS, by and through their attorneys, respectfully pray for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00 for Defendant's violations of the FDCPA;

c.    Statutory damages of $1,000.00 for Defendant's violations of the FCRA;

d.    Punitive damages;

e.    Plaintiffs' attorneys' fees and costs; and,

f.    Any other relief deemed appropriate by this Honorable Court.


Respectfully Submitted,

By:    s/ Marshall Meyers

**Marshall Meyers**

**Attorney for Plaintiffs,**

**August 26, 2010**

**Marshall Meyers (020584)**

**WEISBERG & MEYERS, LLC**

**5025 North Central Avenue, #602**

**Phoenix, AZ 85012**

**602-445-9819**

**866-565-1327 (facsimile)**

**mmeyers@AttorneysForConsumers.com**

**Attorney for Plaintiffs**